UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEITH A. BROWN, <br><br> Plaintiff, <br><br> v. <br><br> KEITH YORDY; SGT. RAMIREZ; SGT. SEELY; SGT. LEE; KEVIN KEMPF; JEFF ZAMUDA; IDAHO BOARD OF CORRECTIONS AND IDAHO COMMISSION OF PARDONS, <br><br> Defendant. | Case No. 1:17-CV-00160-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are six motions filed by Plaintiff Keith Brown. The motions are ripe for adjudication. After careful consideration, and for the reasons explained below, the Court will deny Plaintiff's motions for appointment of counsel (Dkt. 48; Dkt. 53), the Court will grant in part and deny in part Plaintiff's motions to compel discovery (Dkt. 54; Dkt. 56), the Court will conditionally grant

MEMORANDUM DECISION AND ORDER - 1

Plaintiff's motion regarding introduction of his disciplinary records and the *Balla* monthly monitoring meeting minutes (Dkt. 55), and will deny Plaintiff's motion for return of appellate filing fees. (Dkt. 50.)

## BACKGROUND

Keith A. Brown is a prisoner in the custody of the Idaho Department of Corrections (IDOC) and is proceeding *pro se* and *in forma pauperis* in this action. On April 14, 2017, Plaintiff filed a Complaint alleging that Defendants violated his rights under the First and Fourteenth Amendments of the Constitution of the United States of America. On November 2, 2018, United States Magistrate Judge Candy W. Dale reviewed Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and gave Plaintiff an opportunity to file an amended complaint. (Dkt. 21.)

The case was reassigned to the undersigned District Judge on December 4, 2017, for consideration of dismissal. (Dkt. 22.) On December 8, 2017, Plaintiff filed an Amended Complaint. (Dkt. 25.) On May 1, 2018, the Court issued a Successive Review Order, wherein it reviewed the initial Complaint and Judge Dale's Initial Review Order *de novo*. (Dkt. 26.) The Court adopted Judge Dale's analysis and conclusions regarding the insufficiency of the initial Complaint. *Id.* The Court also reviewed the Amended Complaint, concluded that Plaintiff failed to remedy the deficiencies in the initial Complaint, and dismissed the case with

prejudice. (Dkt. 26; Dkt. 27.) Plaintiff appealed the Court's decision to the United States Court of Appeals for the Ninth Circuit.

On September 12, 2018, the Ninth Circuit issued a decision that affirmed in part and reversed in part this Court's order, and remanded the case for further proceedings. The Ninth Circuit held that Plaintiff's Amended Complaint states a plausible due process claim based on allegations that Plaintiff was unable to present evidence during two disciplinary hearings that led to Plaintiff being temporarily held in enhanced confinement conditions. (Dkt. 33 at 2.)

The Ninth Circuit found also that Plaintiff pleaded plausible equal protection and retaliation claims based on the allegation that his disciplinary category was enhanced based on his status as a *Balla* case representative. *Id.* at 3-4. The Ninth Circuit's mandate issued on October 10, 2018. (Dkt. 34.) In line with the Ninth Circuit's judgment, the Court reopened the case (Dkt. 35), and Defendants filed their Answer. Subsequently, Plaintiff filed the six pending motions. The Court will analyze the merits of each motion below.

## DISCUSSION

On August 30, 2019, Plaintiff filed a motion that sought, in part, clarification of the United States Court of Appeals for the Ninth Circuit's Memorandum and Mandate. (Dkt. 54.) Plaintiff filed a second motion to similar effect on September

3, 2019. (Dkt. 56.) As such, the Court will outline Plaintiff's surviving claims below prior to turning to the substantive motions.

**1.      Surviving Claims**

**A.      Due Process Claims**

The Ninth Circuit affirmed the District Court's dismissal of the following three due process-based claims:

(1) The claim that Defendants violated prison policy during Brown's disciplinary hearing. This claim was dismissed by the Court because "a § 1983 claim cannot be based on a prison's failure to follow its 'own, more general procedures,' so long as minimum constitutional requirements are met." (Dkt. 26 at 7; (quoting *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994))).

(2) Plaintiff's claim that Defendants violated the *Balla* injunctions. (Dkt. 21 at 25; Dkt. 26 at 7-8.) This claim was addressed by the Court in combination with the policy allegations in the Original Review Order and again in the Successive Review Order. (Dkt. 21 at 25; Dkt. 26 at 7-8.) It was dismissed in both orders because "any argument that the IDOC is not complying with an injunction in another case cannot be brought in a separate action but must instead be asserted in the original action." *Id.* Although the Ninth

3, 2019. (Dkt. 56.) As such, the Court will outline Plaintiff's surviving claims below prior to turning to the substantive motions.

**1.      Surviving Claims**

**A.      Due Process Claims**

The Ninth Circuit affirmed the District Court's dismissal of the following three due process-based claims:

(1) The claim that Defendants violated prison policy during Brown's disciplinary hearing. This claim was dismissed by the Court because "a § 1983 claim cannot be based on a prison's failure to follow its 'own, more general procedures,' so long as minimum constitutional requirements are met." (Dkt. 26 at 7; (quoting *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994))).

(2) Plaintiff's claim that Defendants violated the *Balla* injunctions. (Dkt. 21 at 25; Dkt. 26 at 7-8.) This claim was addressed by the Court in combination with the policy allegations in the Original Review Order and again in the Successive Review Order. (Dkt. 21 at 25; Dkt. 26 at 7-8.) It was dismissed in both orders because "any argument that the IDOC is not complying with an injunction in another case cannot be brought in a separate action but must instead be asserted in the original action." *Id.* Although the Ninth

Circuit did not address this claim separately from the other policy claims, it affirmed this Court's dismissal of the policy claim, and thus did not reverse the judgment as to this claim. (*See* Dkt. 33.)

(3) Plaintiff's claim that his thirty-day confinement in disciplinary segregation violated a protected liberty interest. *Id.* at 2. The Ninth Circuit found Plaintiff failed to show that this discipline imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Provided the foregoing, Plaintiff's surviving due process-based claims are:

(1) the allegation that Defendants violated his procedural due process rights because he was unable to present evidence during his disciplinary hearing; and

(2) that he had a protected liberty interest in avoiding detention at the Idaho State Maximum Security Institution. (*See* Dkt. 33 at 2-3.)

### B. Equal Protection and Retaliation Claim

The Ninth Circuit's order revived Plaintiff's Equal Protection and Retaliation claim. Plaintiff alleged his disciplinary charge was enhanced in retaliation for Plaintiff serving as a class representative in *Balla v. IDOC*, 1:81-cv-01165-BLW, and therefore prison authorities treated him differently than other

similarly situated inmates. (Dkt. 25 at 19.) To this end, the Ninth Circuit found Plaintiff stated a plausible equal protection and retaliation claim and reversed the Court's judgment as to this claim. (Dkt. 33 at 3-4.) With the clarification surviving claims set forth, the Court will turn to Plaintiff's substantive motions.

2.     **Plaintiff's Motions to Appoint Counsel**

The Court will begin with Plaintiff's motion to appoint counsel and renewed motion to appoint counsel. (Dkt. 49; Dkt. 53.) Plaintiff argues that assistance of counsel is necessary for him to effectively conduct discovery. (*See* Dkts. 48 and 53.) Plaintiff cites hurdles he will face, as an incarcerated individual, in deposing officers at the IDOC and ISCI facilities and gathering affidavits necessary to raise disputes of material facts to survive summary judgment. *Id.* '

Generally, there is no right to appointed counsel in Section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part*, 154 F. 3d 952, 951 n.1 (9th Cir. 1998). However, a court "may request an attorney for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in exceptional circumstances. *Zamaro v. Moonga*, 656 F. Ap'x 297, 299 (9th Cir. 2016) (internal quotations omitted). To determine whether exceptional circumstances exist, a court evaluates (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims *pro se* considering the complexity of legal

issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together to reach a decision. *Id.*

In this matter, Court is not currently equipped with sufficient information to determine the likelihood of success on the merits of Plaintiff's case. Without the benefit of a more developed evidentiary record, the Court can not make a determination regarding the first factor in the exceptional circumstances analysis.

In consideration of the second factor, Plaintiff's ability to articulate his claims *pro se* considering the complexity of legal issues, the Court finds Plaintiff has demonstrated he has sufficient writing ability and legal knowledge to articulate his claims. *See Thompson v. Dir., California Dep't of Corr.*, 42 F.3d 1402 (9th Cir. 1994). Although discovery is essential for Plaintiff to flesh out his case, "the need for discovery does not necessarily qualify the issues" in this case as "complex." *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). As the Ninth Circuit articulated in *Wilborn*;

> Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.

*Id.*

There is no doubt that it is difficult to litigate from a prison cell. There is also no question that *pro se* individuals do not have the legal training or resources to do what they could if they were lawyers or had lawyers. However, prisoner status and lack of legal expertise are not enough, in and of themselves, to establish the exceptional circumstances that warrant appointment of counsel in the civil context. *See Zamaro v. Moonga*, 656 F. App'x 297, 299 (9th Cir. 2016).

Here, as in other similar cases, Plaintiff's inability to more fully litigate his claims is an "incidental (and perfectly constitutional) consequence[ ] of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355(1996). The discovery issues faced in his case are not exceptional when considered on balance with the complexity of the claims involved and Plaintiff's abilities to articulate his claims thus far. Accordingly, the Court will deny Plaintiff's request for appointment of counsel without prejudice.

### C. Motions to Compel Discovery

Next, the Court will address Plaintiff's motions to compel discovery. (*See* Dkts. 54 and 56.) Plaintiff filed two motions to compel answers to Requests for Admissions (RFAs). These motions are considered under Federal Rule of Civil Procedure 36(a)(6) as motions regarding the sufficiency of an objection. Plaintiff also filed a motion to compel production of extensive phone records. (Dkt. 57.)

This motion is considered under Rule 37 as a dispute over the production of documents.

Federal Rule of Civil Procedure 26(b) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. However, courts are given broad discretion to apply discovery rules to properly effect the policy of the Federal Rules of Civil Procedure; namely, the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

### (1) Requests for Admissions

Plaintiff argues that Defendants failed to respond adequately to the following RFAs in Plaintiff's Second Request for Production of Documents, Admissions, and Interrogatories. (Dkt. 54 & 56).

- RFA No. 1 (18)[1] through RFA No. 3 (20): Plaintiff asks three of the Defendants to admit that they have been educated, trained or informed of the content of the injunctions in *Balla*. (Dkt. 57 at 6-7, citing Def.'s Resp. to Req. for Admis. No. 1 (18) – 3 (20).)

- RFA No. 4 (21): Plaintiff asks Defendant Yordy to admit that he is aware of the injunctions in *Balla*. (Dkt. 57 at 6-7, citing Def.'s Resp. to Req. for Admis. No. 4 (21).)

Defendants object to each RFA on the same ground: "the Request relates to claims premised on allegations that internal policies were not followed during the disciplinary proceedings, which were dismissed by the District Court, and the dismissal was upheld by the Ninth Circuit Court of Appeals. As this request relates to a dismissed claim, no response is necessary." (Dkt. 57 at 6-7, citing Def.'s Resp. to Req. for Admis. No. 1 (18) – 4 (21).)

Federal Rule of Civil Procedure 36 governs requests for admission, which a party may serve on another party to admit the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, opinions of either,

---

[1] Plaintiff did not continuously number these Requests for Admission with previous requests. Defendant inserted continuous numbering parenthetically in the response to avoid confusion. The Court has adopted Defendants' numbering for consistency.

or the genuineness of any described document. Fed. R. Civ. P. 26(a)(1). A matter is deemed admitted unless the responding party serves a written answer or objection within 30 days after being served. *Id.* at 36(a)(3). As such, any answer to an RFA must specifically deny it or state in detail why the responding party cannot admit or deny it. *Id.* at 36(a)(4). The responding party may also object to a request so long as grounds for objecting are stated. *Id.* at 36 (a)(5).

The Court will compel responses to Plaintiff's RFAs because the information sought is relevant pursuant to Rule 26(b). Notably, Defendants Seely, Ramirez, Lee and Yordy were all involved the disciplinary hearings that form the basis for Plaintiff's claims. (*Am. Compl.* Dkt. 25 at 5-10). Provided this fact, the IDOC employees' education, training or knowledge of the permanent injunctions in *Balla* are matters relevant to Plaintiff's claim that he was retaliated against as a class representative. Thus, Plaintiff's RFAs fall within the scope of discovery and the Court will grant Plaintiff's motion to compel responses to RFAs 1 (18) through 4 (21).

### (2) Request for Production of Phone Logs

Plaintiff also seeks production of extensive phone records and logs. Plaintiff requests that Defendants "produce a copy of the telephone records of the Plaintiff which establish the time and date of calls charged to the Plaintiff's account, AND

which shows from which location these calls were initiated from, from 6/17/2015 on." (Dkt. 57 at 9.)

In response, Defendants produced a record and recordings of all phone calls made by Plaintiff from September 16, 2016 through September 20, 2016. Defendants object to producing any other phone records on the basis that Plaintiff's "request is disproportionate to the needs of the case, is overly broad and unduly burdensome, and does not assist in proving Plaintiff's due process and retaliation claims." *Id.* at 9-10. Defendants note that, the only calls that formed the basis for the disciplinary action that is the subject of this suit, were the calls made by Plaintiff from September 16, 2016 through September 20, 2016. (*Id.* at 10-11).

A party may move for an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a)(1) when an opposing party fails to respond to requests for production permissible under Federal Rule of Civil Procedure 34. Generally, a court should deny a motion to compel if the information requested falls outside the scope of discovery. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 438-39 (9th Cir. 1992).

Considering the foregoing in the context of Rule 26(b), the Court finds that phone records for phone calls that did not form the basis for the disciplinary hearing are not relevant to the contested issue of whether Plaintiff made the phone calls that were the subject of the disciplinary hearing. Further, Plaintiff has failed

to demonstrate how the additional phone records requested are relevant to any other claim or defense in this matter. Therefore, the Court finds the additional phone logs requested by Plaintiff are not relevant to any claim or defense and are thus not discoverable. The Court will deny Plaintiff's motion to compel as to such records.

**3.     Motions to Introduce Evidence at Trial**

In addition to the discovery-based motions above, Plaintiff filed a motion seeking permission to introduce his disciplinary record and the minutes of monthly monitoring meetings of the *Balla* case at trial. (Dkt. 55 at 2). Defendants have not filed an objection to this motion.

Trial courts have broad discretion in deciding whether to admit or exclude evidence. *Burgess v. Premier Corp.*, 727 F.2d 826, 833 (9th Cir. 1984). This discretion includes the determination whether the proffered evidence is relevant. *Diede v. Burlington N. R. Co.*, 772 F.2d 593, 594 (9th Cir. 1985). Evidence is relevant if it has any tendency to make a fact more or less probable, and the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 402.

In this case, Plaintiff's disciplinary record and the minutes of the monthly monitoring meetings for *Balla* are potentially relevant to Plaintiff's retaliation claim. Plaintiff will be allowed to introduce this evidence at trial if the Court finds proper foundation has been laid according to the rules of evidence and no successful evidentiary objections are raised by the Government. Provided the foregoing, the Court will conditionally grant the motion, subject to application of the Federal Rules of Evidence and objection from Defendants prior to or during trial.

Additionally, because these records are within the scope of discovery, if Defendants have not already done so, they must provide Plaintiff copies of the *Balla* case monthly monitoring meeting minutes for the one-year period preceding the Plaintiff's first disciplinary offense.

4.  **Motion for Return of Appellate Filing Fee**

Finally, Plaintiff filed a motion for return of fees he paid to file his appeal to the Ninth Circuit. Plaintiff's case is subject to the provisions of the Prison Litigation Reform Act (PLRA), of 1996, which amended the statutory provisions governing the filing of prisoner *in forma pauperis* lawsuits. Under the PLRA, while prisoners are entitled to begin a civil suit without prepayment of fees under 28 U.S.C. § 1915(a), they are nevertheless "required to pay the full amount of a filing fee." 28 U.S.C. 1915(b)(1).

The PLRA "makes no provision for return of fees partially paid or for cancellation of the remaining indebtedness." *Goins v. Decaro*, 241 F.3d 260, 261 (2d Cir. 2001) (rejecting a request for a refund of appellate fees after voluntary withdrawal of appeal). The Second Circuit observed that the absence of a refund of fees provision "is not surprising, since a congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Id.* (citing *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir.1996)).

Plaintiff has not identified any post-PLRA precedent supporting his request, and this Court has not discovered any in its own research. Provided the foregoing, the Court will deny Plaintiff's motion for return of his appellate filing fees.

## CONCLUSION

The Court will deny Plaintiff's motions to appoint counsel. (Dkt. 48; Dkt. 53.) The Court will grant in part and deny in part Plaintiff's motions to compel discovery. (Dkt. 54; Dkt. 56.) The Court will conditionally grant Plaintiff's motion regarding introduction of his disciplinary records and the *Balla* monthly monitoring meeting minutes (Dkt. 55), and will deny Plaintiff's motion for return of appellate filing fees. (Dkt. 50.)

# ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion to Appoint Counsel (Dkt. 48) and Renewed Motion to Appoint Counsel (Dkt. 53) are **DENIED** without prejudice.

2. Defendant's Motion to Compel Discovery (Dkt. 54) is **GRANTED**.

3. Plaintiff's Motion to Compel Discovery (Dkt. 56) is **GRANTED in part** and **DENIED in part**.[2]

4. Plaintiff's Motion to Allow Disciplinary Records of Plaintiff into Discovery Process (Dkt. 55) is **GRANTED**.[3]

5. Plaintiff's Motion for Return of Appellate Filing Fee (Dkt. 50) is **DENIED**.

DATED: October 31, 2019

_____
B. Lynn Winmill
U.S. District Court Judge

---

[2] The motion to compel is granted to the extent is seeks an order compelling Defendants to respond to Plaintiff's Requests for Admission 1 (18) through 4 (21) but denied to the extent it seeks to compel production of any additional phone records.

[3] Consistent with the Court's finding above, if Defendants have not already done so, they must provide Plaintiff copies of the *Balla* case monthly monitoring meeting minutes for the one-year period preceding the Plaintiff's first disciplinary offense within two weeks of the date of entry of this order.